In re CLARK OIL & REFINING CORPORATION ANTITRUST LITIGATION.

MDL Docket No. 140.

United States District Court,
E. D. Wisconsin.
April 30, 1975.

William E. Glassner, Jr., Robert B. Corris, Milwaukee, Wis., for plaintiffs in Myles Jackson case, C.A. No. 73–C–74.

Melville C. Williams, Chicago, Ill., for Clark Oil & Refining Corp.

Charles L. Dunlap, House Counsel for Clark Oil and Refining Corp., Milwaukee, Wis.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

On April 3, 1975, plaintiffs' attorney, on behalf of the class of plaintiffs represented in the *Myles Jackson* case, Civil Action No. 73–C–74, filed a motion for a temporary restraining order, seeking to restrain defendant from terminating the "lease" presently in force between the defendant and Douglas W. Zickhur, except for good cause, and/or refusing to offer said Douglas W. Zickhur a new "lease," except for good cause, and from commencing, prosecuting, or otherwise litigating any legal proceedings, including any action for eviction in any court, except for good cause, *after* first obtaining the written approval of this court upon notice and motion. For the reasons hereinafter stated, plaintiffs' motion is denied.

Plaintiffs' attorney claims that Clark Oil & Refining Corporation ("Clark") is attempting to terminate Mr. Zickhur without good cause. Defendant Clark has represented to the court that it believes it has good cause to terminate Mr. Zickhur. In its requested form, plaintiffs' motion, in addition to prohibiting eviction except for good cause, seeks to have this court make an initial and preliminary determination of whether or not Clark has good cause for termination prior to the commencement of any eviction action against an individual dealer. This is sought to be accomplished by requiring Clark to obtain the prior permission of this court, upon notice and motion, as a condition precedent to the commencement of eviction proceedings. Presumably, permission to commence an eviction action would be withheld until Clark demonstrates "good cause" for the proposed eviction.

While plaintiffs may have a reasonable probability of success on the question of whether or not the "leases" involved in this lawsuit constitute a franchise terminable only for good cause, whether or not Clark has sufficient

cause to terminate a franchise is a subjective factual issue which should be decided in a state court eviction action against the individual dealer. Requiring this court to determine whether Clark has sufficient cause to terminate an individual dealer would create an intolerable burden, particularly in the light of the past history of this litigation and the sheer number of similar motions and hearings it has generated.

Plaintiffs have also requested similar relief with respect to pending and threatened evictions of certain Minnesota dealers. On January 17, 1974, this court entered a temporary restraining order prohibiting Clark from evicting certain Minnesota dealers, except for good cause. Apparently some of the Minnesota dealers have refused to execute certain leases tendered by Clark. Clark has indicated that it believes the refusal to sign the tendered lease is "good cause" within the exception of the outstanding temporary restraining order. Plaintiffs' attorneys disagree, believing that the refusal of the proffered leases is reasonable. Apparently the dealers believe that the proffered leases are illegal based on their understanding of the determination made in Clark Oil & Refining Corporation v. Friedrichs, District Court for the 4th Judicial District of Hennepin County, Minnesota, File No. 708–208, and the Minnesota Franchise Act. Whether or not the refusal of the proffered lease is reasonable and insufficient cause for termination of a dealer can be determined by the state courts of Minnesota, as the reasonableness of the refusal involves questions of Minnesota law and, specifically, the Minnesota Franchise Act.

It is therefore ordered that plaintiffs' motion on behalf of Douglas W. Zickhur be and it is hereby denied.

It is further ordered that defendant Clark Oil & Refining Corporation be and it hereby is restrained from terminating its business relationship with Douglas W. Zickhur, except for good cause, pending final determination of whether or not the relationship between the defend-

ant Clark and its dealers constitutes a "franchise" relationship terminable only for good cause.

It is further ordered that plaintiffs' motion with respect to the Minnesota dealers be and it hereby is denied.

It is further ordered that the temporary restraining orders entered by this court on January 17, 1974 remain in effect until further order of this court.